IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO.: 16-1874

DURANT TISDALE,
Plaintiff-Appellant,

v.

CITY OF PHILADELPHIA, POLICE
OFFICER TIMOTHY GIBSON, AND
POLICE OFFICER DAVID
SHERWOOD
Defendants-Appellants

---

ON APPEAL FROM THE GRANTING OF DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA AT NO.: 15-CV-5209

---

BRIEF FOR PLAINTIFF APPELLANT, DURANT TISDALE

---

Submitted by:
Michael I. McDermott, Esquire
Attorney for Plaintiff-Appellant
ID# 52917
1026 Winter Street
Suite 200
Philadelphia, PA 19107
(215) 925-9732

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ 1

SUBJECT MATTER AND APPELLATE JURISDICTION ........................................ 2

ISSUES ...................................................................................................................... 2

STATEMENT OF THE CASE ................................................................................... 2

SUMMARY OF ARGUMENT .................................................................................. 5

ARGUMENT…………………………………………………………………………..5

A. NEITHER DEFENDANT POLICE OFFICER TIMOTHY GIBSON NOR PHILADELPHIA DETECTIVE DAVID SHERWOOD ARE ENTITLED TO QUALIFIED IMMUNITY AS THEY SHOULD HAVE BEEN AWARE THAT THEIR ARREST OF THE PLAINTIFF VIOLATED HIS CONSITUTIONAL RIGHTS ......................................................5

B. THE ARREST OF THE PLAINTIFF VIOLATED HIS CONSITUTIONAL RIGHTS BECAUSE THE ARREST MADE BY PHILADELPHIA POLICE OFFICER TIMOTHY GIBSON AND FURTHERED BY PHIADELPHIA DETECTIVE DAVID SHERWOOD WAS WITHOUT PROBABLE CAUSE…………………………………………………..7

CONCLUSION………………………………………………………………….12

CERTIFICATE OF COMPLIANCE…………………………………………….13

CERTIFICATE OF SERVICE…………………………………………………...14

## TABLE OF AUTHORITIES

**CASES**                                                                **PAGE**

*Anderson v. Creighton*, 438 U.S. 635, 640 (1987)..........................................................................5

*Carman v. Carroll*, 749 F.3d 192 (3d Cir. 2014)............................................................................6

*Commonwealth v. Rodriguez*, 585 A.2d 988, 990 (1991)........................................................7 & 8

*Commonwealth v. Thompson*, 985 A.2d 928, 931 (2009)...............................7, 10, 11 & 12

*Groh v. Ramirez*, 540 U.S. 551, 564 (2004) ..................................................................................6

*Halsey v. Pfeiffer*, 750 F.3d 273, 296 (3d Cir. 2014)....................................................................6

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ..........................................................................5

*Hope v. Pelzer*, 535 U.S. 730, 741 (2002) .....................................................................................5

*Illinois v. Gates*, 462 U.S. 213, 214 (1983).............................................................7 & 11

*Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997). ................................................................10

STATUTES:

42 United States Code Section 1983. ................................................................................2

28 United States Code 1331 (1) (3) and (4)......................................................................2

28 United States Code Section 1376(a) .............................................................................2

JURY INSTRUCTIONS:

FEDCIV-JI3C 4.7.2, Model Civ. Jury Instr. 3rd Cir. 4.7.2 (2015) ), Chapter 54. Instructions for

Civil Rights Claims Under Section 1983—Affirmative Defenses—Qualified Immunity.........6

1.

## SUBJECT MATTER AND APPELLATE JURISDICTION

This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331 (1) (3) and (4) and under the common law of the Commonwealth of Pennsylvania. Plaintiff further invokes the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

## ISSUES

A.  Should Count III of Plaintiff's amended complaint relating to claims against Police Officer Timothy Gibson and Police Officer David Sherwood have been dismissed?

**Suggested Answer**: No

B.  Did Police Officer Timothy Gibson and Police Officer David Sherwood violate the Plaintiff's civil rights under 42 U.S.C. Section 1983?

**Suggested Answer**: Yes

## STATEMENT OF THE CASE

### A. Procedural History

1.  On July 7, 2015, Michael I. McDermott Esquire, on behalf of plaintiff, commenced civil action in the United States District Court for the Eastern District of Pennsylvania.

2.  On March 10, 2016, the Honorable Wendy Beetlestone ruled on the Defendants' Motion for Summary Judgment (ECF No. 19), Plaintiff's Response thereto (ECF No. 20), and Defendant's Reply (ECF N0. 21).

3.  The Honorable Wendy Beetlestone ruled (1) that the Defendants' Motion for Summary Judgment be granted as to the City of Philadelphia, and all claims be dismissed with prejudice (2) that the Defendants' Motion for Summary Judgment be granted as to Count III

2.

of the Amended Complaint against Police Officers Timothy Gibson and David Sherwood,
and Count III be dismissed with prejudice (3) that the court declined to exercise supplemental
jurisdiction over the Plaintiff's state law claims and they be dismissed and (4) that the clerk
of court was to close this case.

4. Plaintiff wishes this Honorable Court review the Honorable Wendy Beetlestone's ruling to
dismiss Count III of Plaintiff's Amended Complaint relating to claims against Police Officer
Timothy Gibson and Police Officer David Sherwood as the arresting officers did not have
probable cause to arrest the plaintiff.

**B. Undisputed Facts of the Case as found by the Wendy Beetlestone, Defendants'
Statement of Undisputed Facts and Plaintiff's Answer to Defendants' Statement of
Undisputed Facts.**

5. On or about July 5, 2013, at approximately 11:02 p.m., a witness via her cell phone reported
to the Philadelphia Police Department that a male had removed a grate from her neighbor's
window, the neighbor's address being 2220 N. Delhi Street, Philadelphia, PA and the male
placed the grate into a shopping cart and left the area.

6. The witness remained on the telephone with the Philadelphia Police Department and
followed the male, who was pushing the shopping cart with the grate in the cart, until the
police arrived.

7. The responding police officers, defendant, Philadelphia Officer Gibson met the witness at
1000 West Arizona Street; the witness told them that she was following the male with the
shopping cart and pointed out the plaintiff as the male who took the grate.

8. The witness told the defendants, Officer Gibson, that she was following the male who
committed the theft and that he was pushing the shopping cart with the grate the entire time

3.

she was following him.

9.  Google maps indicate that the address of 1000 Arizona Street Philadelphia, PA is no more than 2 minutes from the address of 2220 N. Delhi Street, Philadelphia, PA.

10. As a result of the information provided by the witness, on or about July 5, 2013, at approximately 11:40 p.m., at 1000 West Arizona Street, Philadelphia, PA, Philadelphia Police Officer Gibson did not have the warrant to arrest the plaintiff.

11. On or about July 5, 2013, at approximately 11:40 p.m., Philadelphia Police Officer Gibson did not observe the defendant commit any crime that would constitute a felony, misdemeanor and/or summary.

12. On or about July 5, 2013, at approximately 11:40 p.m., at 1000 West Arizona Street, Philadelphia, PA, Police Officer Gibson did not recover from the plaintiff any evidence of a crime that would constitute a felony, misdemeanor, and/or summary including tools used to remove the grate, the grate itself and/or the shopping cart used to transport the gate.

13. On or about July 5, 2013, at approximately 11:40 p.m., at 1000 West Arizona Street, Philadelphia, PA, plaintiff did not run when police approached and cooperated with Philadelphia Police Officer Gibson answering all questions put to him.

14. On or about July 5, 2013, at approximately 11:40 p.m., at 1000 West Arizona Street, Philadelphia, PA, plaintiff informed the police officers that he had nothing to do with any alleged crime and that he had been at his job at Citizens Bank Park, where he was employed as a Power Washer making $9.50 per hour.

15. Philadelphia Detective David Sherwood did the interviews, the PARs report, and the investigative report (the 75-49), and sent the packet of information he prepared to the

4.

Philadelphia District Attorney's Office.

## SUMMARY OF ARGUMENT

Defendant Police Officer Timothy Gibson made an arrest of Plaintiff, Durant Tisdale, without probable cause. Detective, named as Police Officer, David Sherwood was the detective assigned to the case and continued to move the case along without probable cause. Neither Defendants are entitled to Qualified Immunity.

## ARGUMENT

### A. NEITHER DEFENDANT POLICE OFFICER TIMOTHY GIBSON NOR PHILADELPHIA DETECTIVE DAVID SHERWOOD ARE ENTITLED TO QUALIFIED IMMUNITY AS THEY SHOULD HAVE BEEN AWARE THEIR ARREST OF THE PLAINTIFF VIOLATED HIS CONSITUTIONAL RIGHTS.

*Harlow v. Fitzgerald* held "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818 (1982).

Further, "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has been previously been held unlawful…; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 438 U.S. 635, 640 (1987). When determining whether a government official is shielded by qualified immunity, "the salient question…is whether the state of the law [at the time of the conduct] gave respondents fair warning that their [conduct] was unconstitutional." *Hope v. Pelzer*, 535 U.S. 730, 741 (2002).

According to *Hope*, unlawfulness can be apparent "even in novel factual circumstances."

*Id.*; *see also* Groh v. Ramirez, 540 U.S. 551, 564 (2004) ("No reasonable officer could claim to be unaware of the basic rule, well established by our cases, that, absent consent or exigency, a warrantless search of the home is presumptively unconstitutional."); Halsey v. Pfeiffer, 750 F.3d 273, 296 (3d Cir. 2014) (holding that even though it had not previously decided on the viability of a stand-alone claim for fabrication of evidence, reasonable officers should have known that "they certainly could not fabricate inculpatory evidence"); Carman v. Carroll, 749 F.3d 192 (3d Cir. 2014).

These last three paragraphs come directly from the Comment and Footnote of FEDCIV-JI3C 4.7.2, Model Civ. Jury Instr. 3rd Cir. 4.7.2 (2015), Chapter 54. Instructions for Civil Rights Claims Under Section 1983—Affirmative Defenses—Qualified Immunity:

> The claim that is most often asserted against police is false arrest. Persons bringing this claim assert that police violated their Fourth Amendment right against unreasonable seizure. If the officer had probable cause to believe the individual had committed a crime, the arrest without a warrant for a felony or misdemeanor committed in their presence. (Some states allow warrantless arrests for misdemeanor domestic assaults not committed in the officer's presence). Even if the information the officer relied upon later turns out to be false, the officer is not liable if he believed it was accurate at the time of arrest. To prevail on a false arrest claim, the victim must show that the arresting officer lacked probable cause, that is, facts sufficient to cause a reasonable person to believe that a crime has been committed.

In the instant case, the arresting officer, Police Officer Timothy Gibson, and later,

6.

Detective Sherwood should have understood that an arrest based on the witness' statement without any physical evidence being found at or near the location of arrest violates plaintiff's constitutional rights. The Defendants actions were unreasonable under the circumstances and as a result they are not entitled to Qualified Immunity.

**B.  THE ARREST OF THE PLAINTIFF VIOLATED HIS CONSITUTIONAL RIGHTS BECAUSE THE ARREST MADE BY PHILADELPHIA POLICE OFFICER TIMOTHY GIBSON AND FURTHERED BY PHIADELPHIA DETECTIVE DAVID SHERWOOD WAS WITHOUT PROBABLE CAUSE.**

There was no probable cause to arrest the Plaintiff. The Supreme Court of Pennsylvania finds probable cause to be made out when "the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Rodriguez*, 585 A.2d 988, 990 (1991). When considering the officer's belief, what is required is *only* a "probability, and not a prima facie showing, of criminal activity." *Commonwealth v. Thompson*, 985 A.2d 928, 931 (2009). The totality of the circumstances test laid out in *Illinois v. Gates* is applied to determine whether probable cause exists. 462 U.S. 213, 214 (1983).

The facts in the instant case do not constitute probable cause to arrest. The witness, Ms. Brenda Lee, claims to have seen the plaintiff take the grate, place the grate in a shopping cart, and walk to 11th and Arizona Streets. After allegedly seeing the plaintiff take the grate, Miss Lee states that she proceeded to get into her car and follow the plaintiff to where he was stopped by the police. Despite her claims to the responding police officers, no physical evidence was ever recovered by the police from the plaintiff or in the surrounding area. Neither the grate nor the shopping cart were ever found and no tools were found on the plaintiff's body. If the witness had

7.

been following behind the plaintiff from the point of the theft to 11th and Arizona streets as she says, it would logically follow that Ms. Lee would have seen the plaintiff ditch the grate and the cart and thus be able to relay to the responding officers the location of the objects in question.

Ms. Lee's inability to explain where the grate and the shopping cart ended up despite the fact that she followed the plaintiff from the time she saw him remove the grate to where he was apprehended by the responding officers calls her account into question. Further, the two responding Philadelphia Police Officers, Gibson and Whitaker, did not interview the witness on the scene as to where the plaintiff hid the grate and the card. Detective Sherwood also failed to interview the witness about the location of the grate and cart before passing the case to the Charging Unit of the Philadelphia District Attorney's Office.

Under *Rodriguez*, part of the probable cause requirement is that the officer has reasonably trustworthy information to warrant the officer to believe the suspect was involved in a crime. 585 A.2d at 990. In this case, the reasonably trustworthy information is severely lacking because the witness did not see where the suspect disposed of the evidence between her identifying the crime happening and her following the suspect to the point of apprehension. It follows, that without the reasonably trustworthy information, the officer does not have a "belief that the suspect has committed or is committing a crime."

There no probable cause in this case to arrest the plaintiff. He did not have the grate nor the shopping cart when he was apprehended by the responding officers and the eye witness was unable to explain where he hid the grate and the cart. When the police searched the surrounding area, neither were recovered. If the plaintiff took the grate and put it in a shopping cart, the physical evidence would as a result be somewhere between the location where Ms. Lee saw the

8.

grate be taken and the bus stop where the plaintiff was apprehended. However, the cart and grate were not found. There is no evidence here linking the plaintiff to the stolen grate and the shopping cart allegedly used to transport the cart from the scene.

The witness Ms. Lee described the plaintiff as wearing a white baseball hat turned backwards, black shirt, and black pants. Lee interview, pg. 17 The Philadelphia Police Department Biographical Information Report does not have a clothing description filled out in reference to the plaintiff. Biographical Information Report, pg. 16. The plaintiff testified that at the time of his arrest at the intersection of 11th and Arizona Streets he was wearing his Philadelphia Phillies work uniform which consisted of a blue baseball cap with the red Phillies emblem on the front and a grayish colored polo shirt with the Phillies emblem on the chest. Plaintiff's Deposition Transcript, pg. 18:4-20:6. In his arrest photo, the plaintiff is wearing a black t shirt. When he was arrested, the plaintiff had a backpack on with a t-shirt and pair of pants inside. Once at the station, plaintiff was put in the holding tank but nothing was taken from him. Plaintiff's Deposition Trnascript. Pg.19:6-23. In the cell, Plaintiff changed his shirt because he was sleeping on the floor of the dirty holding cell and did not want to tarnish his uniform.

Ms. Lee's description of the man she saw take the grate and the appearance of the plaintiff at the time of his arrest are remarkably different. Ms. Lee never mentioned that the suspect had a backpack on and the plaintiff was wearing a blue hat and a dark grey polo shirt as opposed to the white hat and black shirt that was reported. It is of particular importance that there is such a discrepancy between the description of the suspect Ms. Lee relayed to the police and the plaintiff's actual description because this is not a scenario where the witness only saw the

suspect briefly and could have been mistaken. Ms. Lee allegedly saw the suspect through from the when she spotted him taking the grate until the police came to the scene. She had a lengthy opportunity to process the suspect's appearance—which does not at all match that of the plaintiff.

Ms. Lee's inability to explain where the suspect disposed of the physical evidence, the cart and the grate, do speak to whether the Officers had probable cause to arrest. Despite her identification of the plaintiff as the suspect, these two factors do render Ms. Lee's identification less than reliable. This information from Ms. Lee would not warrant a reasonable law enforcement officer to believe neither that the witness was giving a reasonable account or that a crime had been committed by the plaintiff.

In *Sharrar v. Felsing*, the victim provided the name of her assailant in her original 911 call and later identified a person with a different name, but the court nonetheless found that the officer still had probable cause because it seemed that the witness was providing an accurate account. 128 F.3d 810, 818 (3d Cir. 1997). The instant case is distinguishable from *Sharrar*. *Sharrar* is a situation of a victim and an assailant while this case deals with an eyewitness account of a suspect committing a crime whom she proceeded to follow. *Id.* It is more reasonable that a victim be giving an accurate, reasonable account of her assault than a witness who saw a crime being done to a third party. There are much larger gaps in the situation with the plaintiff and Ms. Lee. A difference in name is also different than a stark difference in physical appearance.

While under *Thompson*, all that is required is a "probability" of criminal activity, that is not even present under these circumstances. 985 A.2d at 931. Once arriving on the scene, the

10.

officers had no probable cause to arrest the plaintiff. The plaintiff did not match the flash information given by Ms. Lee and did not have the grate nor the cart in his possession. There is a complete lack of "probability" that the plaintiff could have been the offender Ms. Lee saw take the grate.

Further, when the plaintiff was stopped by the responding officer, he stated that he did not take the grate and he did not know what they were talking about. He attempted to inform the officers that he didn't want any trouble as he was on parole and was just on his way home from work. Plaintiff's Deposition Transcript, pg. 16:9-17. Despite these statements from the plaintiff, the lack of evidence, and the discrepancy in the flash information and the plaintiff's appearance, Officer Gibson arrested the plaintiff and placed him in custody.

When looking at the totality of the circumstances, as prescribed by *Gates*, a finding of probable cause is not warranted. 462 U.S. at 214. The plaintiff's appearance did not match that of the suspect. The plaintiff did not have in his possession any physical evidence linking him to the crime and none was able to be recovered by the responding officers. Additionally, the plaintiff was not aware of the crime and politely explained to the officers that he was on parole and did not want any trouble. When looking at the totality of the circumstances, there is no probable cause. The plaintiff was as a result of the lack of probable cause unlawfully arrested.

In *Thompson*, the Supreme Court of Pennsylvania upon reviewing *Commonwealth v. Dunlap* held that "a police officer's experience may fairly be regarded as a relevant favor in determining probable cause" 985 A.2d at 935. However, the *Thompson* court stressed that the finding of probable cause can not be based solely upon the number of years a police officer has served. *Id.* In addition to that experience, "the officer must demonstrate a nexus between his

11.

experience and the search, arrest, or seizure of evidence." *Id.* In this case, there was no such

nexus. In his deposition, when asked if "based on [police] training, [Ms. Lee's] telling you that

she saw him do something was enough for you?", Officer Timothy Gibson stated that "based off

of my training and my experience, yes, to take it, at least, to East Detectives." Gibson Deposition

36:24-37:5. Outside of his experience and training, there was no required nexus for a finding of

probable cause. The information from the witness Ms. Lee was questionable, the plaintiff did not

match the description she gave, and the plaintiff did not have any evidence on or near his person.

There was no probable cause to arrest the plaintiff.

The definition of probable cause given by *Rodriguez* provides for a finding of probable

cause when "the facts and circumstances which are within the knowledge of the officer at the

time of the arrest, and of which he has reasonably trustworthy information, are sufficient to

warrant a man of reasonable caution in the belief that the suspect has committed or is committing

a crime." 585 A.2d at 990. In this case, the information surrounding the incident would not

warrant a man of reasonable caution in the belief that the plaintiff, Mr. Tisdale, has committed or

was committing the crime that Ms. Lee reported to the police.

## CONCLUSION

The district court's judgment should be reversed and the case remanded for consideration

of appropriate relief.

Submitted by:

**Michael I. McDermott, Esquire**
**Attorney for Plaintiff-Appellant**
**ID# 52917**
**1026 Winter Street**
**Suite 200**
**Philadelphia, PA 19107**
**(215) 925-9732**

12.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(a)(7)(C), the undersigned certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B). Based on the word- count in the word-processing system, the brief contains 3755 words. If the court so requests, the undersigned will provide an electronic version of the brief and/or a copy of the word printout.

13.

**CERTIFICATE OF SERVICE**

I do hereby certify that on September 12, 2016, a copy of the foregoing was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system:

Served by electronic filing to:

Aaron Shotland, Esquire
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 5th Floor
Philadelphia, PA 19102


Michael I. McDermott, Esquire
Attorney Identification No.: 52917
Attorney for Appellant, Durant T. Tisdale
1026 Winter Street, Suite 200
Philadelphia, PA 19107
(215) 925-9732

Dated: September 12, 2016

14.