# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

### NO. 16-1874

---

### DURANT T. TISDALE,
Appellant,

v.

### THE CITY OF PHILADELPHIA, POLICE OFFICER TIMOTHY GIBSON, AND POLICE OFFICER DAVID SHERWOOD,
Appellees.

---

### BRIEF FOR APPELLEES

---

Appeal from the Order of Judgment Entered in the United States District Court for the Eastern District of Pennsylvania on March 10, 2016, at Civil Action No. 2:15-cv-05209

---

City of Philadelphia Law Department
SOZI PEDRO TULANTE,
CITY SOLICITOR

Date: November 21, 2016

By:   Michael Angelotti
     Attorney ID No. 89697
     Deputy City Solicitor
     1515 Arch Street, 17th Floor
     Philadelphia, PA  19102-1595
     (215) 832-2110
     Michael.Angelotti@phila.gov
     Attorney for Appellees

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................ii-v

COUNTER STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ......................................................................... 1

COUNTER STATEMENT OF THE ISSUE PRESENTED ON APPEAL ....... 1

COUNTER STATEMENT OF THE STANDARD OF REVIEW ..................... 2

COUNTER STATEMENT OF THE CASE ........................................... 2

    Statement of Facts ................................................................ 3

    The District Court Opinion ..................................................... 7

SUMMARY OF ARGUMENT ......................................................... 8

ARGUMENT ................................................................................ 9

I.    The District Court properly granted summary judgment on appellant's claim for false arrest because probable cause supported Officer Gibson's arrest of Mr. Tisdale ......................... 9

    A. Mr. Tisdale's Claim .......................................................... 10

    B. The Standard for Probable Cause ......................................... 11

II.    The District Court not err in failing to hold that the police officers were not entitled to qualified immunity where the plaintiff was not deprived of a constitutional right, because his arrest was supported by probable cause ........................................... 16

CONCLUSION ........................................................................... 18

CERTIFICATION OF BAR MEMBERSHIP ..................................... 19

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION** .................................................................**20**

**CERTIFICATION OF COMPLIANCE WITH REQUIREMENTS FOR ECF FILING** ........................................................... **21**

**CERTIFICATE OF VIRUS CHECK COMPLINACE COMPLIANCE**........ **22**

**CERTIFICATE OF SERVICE** ......................................................... **23**

## TABLE OF AUTHORITIES

 Cases                                                                          Page(s)

Adams v. Williams, 407 U.S. 143 (1972 .................................................................. 15

Blaylock v. City of Philadelphia, 504 F.3d 405 (3d Cir. 2007) ............................. 17

Curley v. Klem, 499 F.3d 199 (3d Cir. 2007) ......................................................... 17

Dowling v. City of Philadelphia, 855 F.2d 136 (3d Cir.1988) ............................. 15

Goodwin v. Conway, 836 F.3d 321 (3d Cir. 2016)...................................... 10, 13, 14

Grimm v. Churchill, 932 F.2d 674 (7th Cir.1991) .................................................. 10

James v. City of Wilkes–Barre, 700 F.3d 675 (3d Cir. 2012)................................. 10

Jones v. School District of Philadelphia, 198 F.3d 403 (3d Cir. 1999) ................. 15

Lallemand v. University of R.I., 9 F.3d 214 (1st Cir. 1993)............................. 12, 15

Merkle v. Upper Dublin School District, 211 F.3d 782 (3d Cir. 2000)................. 13

Michigan v. DeFillippo, 443 U.S. 31 (1979) .......................................................... 15

Orsatti v. New Jersey State Police, 71 F.3d 480 (3d Cir.1995) ............................. 10

Paff v. Kaltenbach, 204 F.3d 425 (3d Cir.2000) .................................................... 19

Potts v. City of Philadelphia, 224 F.Supp 919 (E.D. Pa. 2000) ............................ 15

Saucier v. Katz, 533 U.S. 194 (2001)...................................................................... 17

Sharrar v. Felsing, 128 F.3d 810 (3d Cir. 1997) ................................................. 7, 10

Wilson v. Russo, 212 F.3d 781 (3d Cir.2000)........................... 10, 11, 12, 13, 14, 15

Wright v. City of Philadelphia, 409 F.3d 595 (3d Cir. 2005) ........................... 10, 13

WWOC v. Allstate Insurance Company, 778 F.3d 444 (3d Cir. 2015) ................... 1

FEDERAL STATUTES

28 U.S.C. § 1291 .............................................................................................. 1

28 U.S.C. § 1331 .............................................................................................. 1

42 U.S.C. § 1983 .............................................................................................. 2

42 U.S.C. § 2000e-2 ......................................................................................... 2

FEDERAL RULES OF APPELLATE PROCEDURE

F.R.A.P. 32 .................................................................................................... 20

## COUNTERSTATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

This is an appeal from the District Court's order of March 10, 2016, granting the Appellees, the City of Philadelphia, Police Officer Timothy Gibson, and Police Officer David Sherwood's motion for summary judgment. Plaintiff filed a timely appeal on April 8, 2016. The District Court had subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## COUNTERSTATEMENT OF THE ISSUES PRESENTED ON APPEAL[1]

1. Whether the District Court properly granted summary judgment on appellant's Section 1983 claim for false arrest where probable cause supported the police officer's arrest of the plaintiff, as it was supported by the statement of an eyewitness.

2. Whether the District Court properly granted summary judgment on the appellee's claim of qualified immunity, where the plaintiff was not deprived of a constitutional right, because his arrest was supported by probable cause.

---

[1] Mr. Tisdale has presented similar Issues Presented on Appeal in his principal brief. However, the order of the Issues here is reversed. The Appellees have ordered the Issues in this manner because the establishment of probable cause in the first Issue is dispositive of qualified immunity.

## COUNTERSTATEMENT OF THE STANDARD OF REVIEW

The standard of review of the District Court's order granting a motion for summary judgment is plenary. *See* WWOC v. Allstate Insurance Company, 778 F.3d 444, 448 (3d Cir. 2015).

## COUNTERSTATEMENT OF THE CASE

In June of 2015, plaintiff Durant Tisdale filed a complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania in this matter. Mr. Tisdale filed his Complaint in the Court of Common Pleas on September 2, 2015. He filed against the City of Philadelphia (the "City") and Philadelphia Police Officer Timothy Gibson, and Philadelphia Police Officer David Sherwood. The City removed the matter to the United States District Court for the Eastern District of Pennsylvania on September 18, 2015. Mr. Tisdale filed an Amended Complaint on October 16, 2015.

Count I of Mr. Tisdale's Amended Complaint asserted a claim against the City of Philadelphia for a violation of 42 U.S.C. § 1983, claiming that the City was deliberately indifferent to the threat against him and his constitutional rights posed by the Defendant Police Officers. Count II is a 42 U.S.C. § 1983 claim against the City of Philadelphia, claiming that it had specific knowledge of the particular threat posed by the Defendant Police Officers to Mr. Tisdale. Count III alleged a 42 U.S.C. § 1983 claim for false arrest against the Defendant Police Officers.

The Defendants filed a motion to dismiss for failure to state a claim on January 29, 2016, to which Mr. Tisdale filed a response on February 19, 2016. On March 11, 2016, the District Court entered an Order granting the Defendants'

Motion to Dismiss Mr. Tisdale's Amended Complaint.  On April 8, 2016, Mr. Tisdale filed a timely appeal to this Court.

## Statement of Facts

This case involves a lawsuit filed by Durant Tisdale.  Mr. Tisdale sued the City, as well as Police Officers Timothy Gibson and David Sherwood for actions stemming from his arrest for an incident which occurred on July 5, 2013.  As a result of that incident, Mr. Tisdale was arrested charged with several crimes related to the theft of a grate to a basement window.

Mr. Tisdale was on parole at the time of his arrest for a previous robbery conviction.  As a result, the court did not grant him the option of posting bail, and he was incarcerated at the state prison at Graterford Correctional Facility two weeks after his arrest.  He remained at Graterford, until December 5th or 6th, 2013 when the criminal matter was dismissed for lack of prosecution.  After the criminal court dismissed the charges against him, Mr. Tisdale filed the instant action.

The night of July 5, 2013.

On the night of July 5, 2013, Police Officer Timothy Gibson was on duty, patrolling the 27th police district in Philadelphia, Pennsylvania.  A.75. (Deposition of Officer Timothy Gibson, 1/14/2016).[2]  He worked with a partner, Officer Whitaker, who drove the patrol car.  Id. at 76.  At 11:02 p.m. that night, they received a call over the radio.  Id. at 102.

_____

[2]  Although this information is taken from Officer Gibson's deposition, Mr. Tisdale does not dispute these facts.

A woman named Brenda Lee made a call to 911 that night. Id. at 8. (Defendants' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment). She reported that an individual had stolen a gate which served as a covering to a basement window. Id. She told the 911 operator that she was following the individual who took the grate, and remained on the phone until the police appeared. Id. at 10.

The call over Officer Gibson's radio stated that a robbery was in progress on the 2100 block of North Delhi Avenue. Id. at 78. (Deposition of Officer Timothy Gibson, 1/14/2016). The call over the radio gave a flash description of the suspect. Id. at 79. The report was that a witness observed a black male, wearing a black shirt and a white hat take a grate to a basement window. Id. The police officers went to the location to investigate. Id.

Officer Gibson and his partner first saw Mr. Tisdale walking along the 1000 block of Arizona Avenue. Id. at 81. Because Mr. Tisdale matched the description sent over the flash report, Officer Gibson stopped him. Id. at 82. After the police pulled up to Mr. Tisdale, Ms. Lee appeared. Id. at 93. She was on foot when the officers first saw her. Id. at 94. She said that she observed Mr. Tisdale take the grate in question. Id. at 93.

On the date of the test, Plaintiff Durant Tisdale was at work doing housekeeping at Citizen's Bank Park after a Phillies game. Id. at 25, 27. (Deposition of Durant Tisdale, 1/8/2016). There was an early game that day, so Mr. Tisdale got off work at around 9:00 p.m. Id. After work, he went to visit his cousin. Id. at 25. After leaving his cousin's home, he was walking to a nearby bus

4

stop. Id. He was wearing his work uniform, a dark grey Phillies polo shirt and a blue hat. Id. at 33, 35.

As he was walking, Mr. Tisdale saw a woman pull up, who turned out to be Brenda Lee, the woman who had called 911. Id. at 25. She parked across the street from him. Id. at 29. A police car pulled up about 30 seconds later. Id. After the police car pulled up, the woman got out of her car and pointed in his direction. Id. at 25. She said "That's him. He's the one that stole my gate." Id.

Mr. Tisdale had never met Ms. Lee before. Id. Mr. Tisdale looked around. Id. at 25. He was the only person standing in the area to which the woman was pointing. Id. The police officers came to talk to him. Id.

The police officers question Mr. Tisdale.

One of the officers told Mr. Tisdale that Ms. Lee had accused him of taken her property. Id. He asked Mr. Tisdale if he had it. Id. at 26. Mr. Tisdale said no, "I don't have no gate." Id. He told them "I'm on parole. I'm not trying to go back to jail." Id. at 31. Officer Gibson's then mentioned the possibility that Mr. Tisdale took the gate to sell for scrap metal at a place called "House of Iron." Id. Mr. Tisdale became upset. Id.

He told the police officer that "I threw the damn gate on the roof." Id. He also continued to deny that he took the gate, and said that he had neither the gate nor any tools. Id. He saw that the police were searching the area for the missing gate. Id. at 32. They looked under parked cars, down an alleyway and around a nearby building. Id. at 53.

5

Officer Gibson searched the surrounding area for the missing grate. Id. at 96. (Deposition of Officer Timothy Gibson, 1/14/2016). He did not observe Mr. Tisdale do anything with the grate. Id. at 13. (Plaintiff's Answer to Defendants' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment). Ms. Lee also did not tell Officer Gibson what happened to the grate. Id. He was unable, after this investigation, to find the missing grate. Id.

Officer Gibson spoke to Ms. Lee as well. Id. at 107. (Deposition of Officer Timothy Gibson, 1/14/2016). In his deposition, Officer Gibson said that Ms. Lee gave no indication that she was lying to him. Id. While the officers were speaking with Ms. Lee, she said "He just had it. When you pulled up, he just had it. What he done with it, I don't know." Id. At this point, the police officers arrested Mr. Tisdale. Id. at 26.

Mr. Tisdale is taken into custody.

Detective David Sherwood interviewed both Officer Gibson and Ms. Lee. Id. at 8. (Defendants' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment). He also prepared a Police Arrest Report for Mr. Tisdale. Id. After gathering the information, Detective Sherwood submitted it to the Philadelphia District Attorney to make a decision whether to charge Mr. Tisdale. Id. Detective Sherwood had no other involvement in the matter.

After Mr. Tisdale was arrested, he was taken to the police district and arraigned by video conference. Id. at 41, 56. (Deposition of Durant Tisdale, 1/8/2016). From the district headquarters, the police took Mr. Tisdale to the House of Corrections before he was transferred to Graterford. Id. at 35. He spent a total

of five to six months in custody after he was arrested before the criminal court dismissed the matter for lack of prosecution. Id. at 36.

### The District Court Opinion.

On March 10, 2016, the Honorable Wendy Beetlestone of the United States District Court for the Eastern District of Pennsylvania granted the Defendant's motion for summary judgment on all federal charges and dismissed them with prejudice. Id. at 3. (Order of the District Court, 3/10/2016). She also stated that the court declined to exercise supplemental jurisdiction over Mr. Tisdale's state law claims. Id. at 5.

The District Court addressed Mr. Tisdale's claims in a footnote. Id. at 3, fn. 2. The District Court began by analyzing Mr. Tisdale' claim for false arrest against Officer Gibson. Id. The District Court noted that the claim turned on whether Officer Gibson had probable cause to arrest Mr. Tisdale. Id.

The District Court granted judgment on the Monell claim against the City because Mr. Tisdale conceded that he could not prove municipal liability. The court also dismissed the claim against Officer Sherwood because there was no record evidence that he was a decision maker. The court granted summary judgment on the false arrest and malicious prosecution claims against Officer Gibson because where an officer relies on a positive eyewitness identification, he had probable cause as a matter of law. The court determined that slight variations in appearance and the radio description of Mr. Tisdale were insignificant under Sharrar v. Felsing, 128 F.3d 810 (3d Cir. 1997). This appeal follows. Id. at 1. (Notice of Appeal by Durant Tisdale).

## SUMMARY OF ARGUMENT

The District Court's grant of summary judgment in this case was proper. Mr. Tisdale has pursued two claims on appeal to this Court. He has alleged that Officers Gibson and Sherwood subjected him to false arrest; and that the District Court erred in not determining that Officers Gibson and Sherwood were not subject to qualified immunity against his claims. As the District Court points out, however, he has failed to establish a case for any of his claims.

Mr. Tisdale's false arrest claim fails because Officer Gibson's arrest of Mr. Tisdale was supported by probable cause, as a matter of law. The arrest was supported by a positive eyewitness identification, that of Ms. Lee. Although there were slight discrepancies in the flash report over the color of Mr. Tisdale's shirt and hat, these were insignificant. They do not defeat probable cause. Neither was it defeated because the officers did not recover the stolen gate. Eyewitness identification obviates the need of the police officers to conduct an exhaustive further investigation. Detective Sherwood's only contact with this matter was after Mr. Tisdale was arrested. Therefore, the District Court properly dismissed the claims against him for lack of causation.

Because Officer Gibson's actions were supported by probable cause, the District Court did not err in declining to rule that the police officers were not entitled to qualified immunity. Officers Gibson and Sherwood are entitled to qualified immunity here because there was no constitutional violation against Mr. Tisdale. As a result, the District Court properly granted summary judgment in this matter.

## ARGUMENT

In the claims that he pursues with this Court, Mr. Tisdale alleges that Officers Gibson and Sherwood subjected him to false arrest; and that the District Court erred in failing to determine that the police officers were not entitled to qualified immunity The District Court correctly found that no genuine issue of material fact existed from which a jury could find that Officer Gibson had probable cause to arrest Mr. Tisdale.

The key question in this case is whether Officer Gibson's actions were supported by probable cause, as he was the arresting officer, and Detective Sherwood did not take part in the arrest. A finding of probable case, as the District Court found here, defeats Mr. Tisdale's claims for false arrest. A finding of probable cause also establishes that the police officers were entitled to qualified immunity in this case. As a result, the District Court's grant of summary judgment in this case was proper and should be upheld.

## I.    The District Court properly granted summary judgment on appellant's claim for false arrest because probable cause supported Officer Gibson's arrest of Mr. Tisdale.

This Court should affirm the District Court's grant of summary judgment on Mr. Tisdale's claim of false arrest. The underlying arrest in this case was supported by probable cause. Brenda Lee was on the scene at the time that the police officers came upon Mr. Tisdale. She provided an eyewitness identification of Mr. Tisdale as the individual who stole the missing basement window grate. Additionally, when questioned by the police officers, Mr. Tisdale, admittedly upset

and after previously denying that he took the gate, said that he threw it on top of a roof.   The eyewitness identification, combined with the fact that Mr. Tisdale matched the flash description provided to the officers, established probable cause here.  As such, Mr. Tisdale's claim for false arrest must fail.

### A. The Standard for Probable Cause.

To state a claim for false arrest, Plaintiff must show that (1) an arrest was made; and (2) the arrest was made without probable cause. James v. City of Wilkes–Barre, 700 F.3d 675, 680 (3d Cir., 2012).   The elements of false imprisonment are similar.   The key inquiry is whether the arrest was supported by probable cause.   Where a police officer's actions were, in fact, supported by probable cause, a plaintiff cannot sustain a cause of action for false arrest.  Wright v. City of Philadelphia, 409 F.3d 595, 602 - 603 (3d Cir. 2005).  Probable cause to arrest exists where a reasonable person would believe that an offense has been or is being committed by the person to be arrested. Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).

"When an officer has received his information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth, he has probable cause." Sharrar v. Felsing, 128 F.3d at 818 – 19 (3d Cir. 1997) *quoting* Grimm v. Churchill, 932 F.2d 674, 675 (7th Cir.1991).  A positive identification is usually sufficient to establish probable cause.   Goodwin v. Conway, 836 F.3d 321, 328 (3d Cir. 2016), *citing* Wilson v. Russo, 212 F.3d 781, 790 (3d Cir. 2000).  The Wilson court stated that positive identification is strong evidence of inculpation.  Id. at 791.  In that case, a plaintiff was incarcerated for a

month after being arrested for robbery. Id. at 783. He was later released after the charges against him were dismissed. Id.

## B. Probable cause supported Officer Gibson's actions here.

The District Court properly found that probable cause supported Officer Gibson's actions here. As relayed above, the inquiry turns to an examination of whether Officer Gibson had probable cause to arrest Mr. Tisdale. It is clear, given the positive eyewitness identification by Ms. Lee, that he did.

The requisite positive eyewitness identification was present here. Ms. Lee met the police officers at the scene when they came upon Mr. Tisdale. She made a strong, positive identification of Mr. Tisdale as the individual who took the basement window grate. "That's him," she said, pointing. Even Mr. Tisdale admitted that there was nobody else in the vicinity; there was no question that Ms. Lee was referring to him. Officer Gibson said that he had no reason to doubt Ms. Lee's identification. She gave no indication that she was lying, he said. And Mr. Tisdale said that he had never met Ms. Lee before, she had no reason to falsely accuse him. Ms. Lee's identification therefore establishes that Officer Gibson had probable cause to arrest Mr. Tisdale.

The arresting officer in Wilson v. Russo relied on an eyewitness identification in requesting an Affidavit of Probable Cause. 212 F.3d at 783. In that case, there were several discrepancies between the statements of the witnesses and the appearance of the plaintiff. Id. One of the witnesses stated that the assailant was between 6'3'' and 6'5'', while the plaintiff stood at 5'11''. Nevertheless, an eyewitness identified the plaintiff as the individual who robbed a

floral shop. Id. at 784. Some exculpatory evidence was left out of the application for the Affidavit of Probable Cause. Id.

This Court ruled that the discrepancies were not sufficient to defeat the fact that probable cause existed. Id. at 792. While it was true that police may not rely on just any witness's accusation, however unreliable or unbelievable, the identification was not fatally flawed in that case. Id. at 791, *citing* Lallemand v. University of R.I., 9 F.3d 214 (1st Cir. 1993). The question turned on whether the indication of unreliability undermined the forceful positive identification given by the eyewitness. Id. In that case, the fact that the description given by a witness of the robber being taller than the plaintiff, and the fact that one witness was not able to identify the plaintiff in a photo array were insufficient to overcome the eyewitness's statement. Id.

Just as in Wilson, an eyewitness identified Mr. Tisdale as the individual who committed the crime in question. Ms. Lee was adamant that Mr. Tisdale was responsible for taking the basement window gate. She pointed him out to the police officers on the scene. She said that, although he did not have the gate with him at the time, he had it shortly before the police arrived. She never wavered in her identification, and there was no indication that she was not telling the truth. Even Mr. Tisdale failed to impugn Ms. Lee's motives for identifying him.

In fact, the discrepancies in this case are minor compared to those in Wilson. The differences in this case were of the color of Mr. Tisdale's shirt (gray vs. black) and hat (blue vs white), as reported over the flash report. Ms. Lee gave the description to the 911 operator after 9:00 p.m. In Wilson, by contrast, there was a

discrepancy of between four and seven inches in height of the suspect. These descriptions in <u>Wilson</u> were given by individuals who were at the scene of the robbery, inside a floral shop. Given the fact that it was dark, and Ms. Lee's forceful identification, the minor discrepancies were not fatal to the existence of probable cause. As a result, it was reasonable for Officer Gibson to rely on Ms. Lee's identification.

Mr. Tisdale also argues that the investigation into the incident was insufficient. He pointed out that the physical evidence was not recovered. He protested the arrest, claiming his innocence.

Mr. Tisdale's argument that Officer Gibson should have investigated the incident further fails. A police officer's inquiry into whether probable cause exists to arrest an individual "does not require that officers correctly resolve conflicting evidence or that their determinations of credibility, were, in retrospect, accurate." <u>Wright</u>, 409 F.3d at 603. When a police officer has determined that probable cause exists to arrest an individual, the police officer has no further duty to investigate the complainant's accusation or interview other witnesses in an effort to find exculpatory evidence. <u>Merkle v. Upper Dublin School District</u>, 211 F.3d 782, 790 n.8 (3d Cir. 2000).

In <u>Goodwin</u>, this Court recently examined whether a lack of further investigation into a suspect's alibi defeated probable cause in the context of an arrest warrant. <u>Goodwin</u>, 836 F.3d at 324. The plaintiff in that case was arrested for selling heroin to a confidential informant. <u>Id</u>. The informant identified the seller by the nickname "Snipe," and gave a physical description. <u>Id</u>. The

13

informant had set up two separate purchases of heroin, which were observed by police officers. Id.

A police officer working on the case identified "Snipe" as the plaintiff. Id. at 325. However, a booking sheet for the plaintiff showed him as "jailed" at the time of the second purchase. Id. The plaintiff argued that this provided him with an alibi, and the police officers therefore did not have probable cause to arrest him. Id. He sued for false arrest and malicious prosecution. Id. at 326.

This Court upheld the District Court's grant of summary judgment in favor of the police officers. Id. at 329 – 330. The court noted that an eyewitness identification is usually sufficient to establish probable cause to arrest a suspect. Id. at 328, *citing* Wilson, *Supra*, at 790.

The court then stated that the fact that the defendants were in possession of the plaintiff's booking sheet did not trigger a duty to further investigate the plaintiff's whereabouts. Id. There was a positive identification of the plaintiff as selling heroin. Id. There was no indication that the identification was not reliable, and no indication that the booking sheet conclusively established that the plaintiff was, in fact, incarcerated at the relevant time. Id. While it may have raised some suspicion as to the plaintiff's whereabouts, it did not defeat the fact that the defendant officers had probable cause to arrest him. Id. at 329.

In this case, as Officer Gibson stated, there was no indication that Ms. Lee was being untruthful when she identified Mr. Tisdale. Nowhere does Mr. Tisdale argue that Ms. Lee had any motive to fabricate her accusation against him. When there is no evidence that an eyewitness was incoherent or was fabricating her

statements, probable cause exists.  Potts v. City of Philadelphia, 224 F.Supp 919, 933 (E.D. Pa. 2000) *citing* Lallemand, 9 F.3d at 216.

It is also irrelevant that the charges against Mr. Tisdale were dismissed.  A defendant's ultimate conviction for a charge is not the proper test for probable cause.  In fact, this Court has stated that "the proper inquiry in a section 1983 claim based on ... misuse of the criminal process is not whether the person arrested in fact committed the offense, but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).

The standard required for a conviction is different from that required for an arrest.  *See* Adams v. Williams, 407 U.S. 143, 149 (1972) (stating that "probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction"). The standard for probable cause is in fact significantly lower than the standard that is required for conviction. *See* Michigan v. DeFillippo, 443 U.S. 31, 36 (1979) (stating that "we have made clear that the kinds and degree of proof and the procedural requirements necessary for a conviction are not prerequisites to a valid arrest"); Wilson v. Russo, 212 F.3d 781, 789 (3d Cir.2000) (holding that probable cause only requires a fair probability that a person committed the relevant crime).

Mr. Tisdale maintains his claim against Detective Sherwood. However, he does not develop this claim in his brief and support it with legal authority.[3] He merely states that Detective Sherwood was involved in the arrest and furthered it. There is no record evidence that Detective Sherwood was involved in the determination of probable cause or the arrest itself, and Mr. Tisdale points to none. Detective Sherwood's only involvement was to interview witnesses and process paperwork after the arrest was made. Because of this, as the District Court noted, the claims against Detective Sherwood were properly dismissed.

Mr. Tisdale did not establish that Officer Gibson or Detective Sherwood did not have probable cause to arrest him. Because of this, as the District Court held, Mr. Tisdale did not establish elements necessary for his claims of false arrest. As a result, this Court should uphold the District Court's grant of summary judgment on these claims.

**II.     The District Court did not err in failing to hold that the police officers were not entitled to qualified immunity where the plaintiff was not deprived of a constitutional right, because his arrest was supported by probable cause.**

Mr. Tisdale claims that the District Court erred in not determining that the police officers were not entitled to qualified immunity in this case. The District Court did not reach this issue and need not have. Its finding that no constitutional violation occurred is dispositive of the issue of qualified immunity.

---

[3]   Also, Mr. Tisdale does not challenge the District Court's dismissal of his Monell claim against the City in his brief. Because he does not pursue this claim, the Defendants do not address them in this Brief.

16

Law enforcement officers such as Officer Gibson and Detective Sherwood are generally entitled to qualified immunity where they are acting within their professional capacity, where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. Blaylock v. City of Philadelphia, 504 F.3d 405, 410 (3d Cir. 2007). An analysis of qualified immunity is a two-step process. Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007), *citing* Saucier v. Katz, 533 U.S. 194 (2001). First, a court determines whether there was a deprivation of an actual constitutional right. Id. If there was, then, and only then, does a court go on to the second step, determining whether that right was clearly established at the time of the deprivation. Id.

Officer Gibson and Detective Sherwood are clearly entitled to qualified immunity in this case. As the District Court held, and as is laid out above, probable cause supported Mr. Tisdale's arrest. Even if it did not, Officer Gibson was reasonable in believing that it did. Because of this, Mr. Tisdale cannot meet the first prong of the Saucier test, that his constitutional rights were violated. As a result, this Court should not hold that the District Court erred here in not finding that the police officers were not entitled to qualified immunity in this matter.

## CONCLUSION

For the foregoing reasons, Appellees Officer Timothy Gibson, Officer David Sherwood, and the City of Philadelphia request that this Court affirm the decision of the District Court granting summary judgment in their favor.

Respectfully submitted,

City of Philadelphia Law Department
Sozi Pedro Tulante, City Solicitor

_____/S/_____
By:    Michael Angelotti
       Attorney ID No. 89697
       Deputy City Solicitor
       1515 Arch Street, 17th Floor
       Philadelphia, PA 19102-1595
       (215) 832-2110
       Michael.Angelotti@phila.gov
       Attorney for Appellee

## **<u>CERTIFICATION OF BAR MEMBERSHIP</u>**

Pursuant to Third Circuit Local Appellate Rule 46.1(e), I hereby certify that I am a member of the bar of this Court.

_____/S/_____
Michael Angelotti

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

Pursuant to F.R.A.P. 32(a)(7)(C), I hereby certify that the foregoing brief contains 4,853 words, which complies with the type-volume limitation set forth in F.R.A.P. 32(a)(7)(B).


_____/S/_____
Michael Angelotti

# CERTIFICATION OF COMPLIANCE WITH REQUIREMENTS FOR ELECTRONIC FILING

I hereby certify that the text of the electronic Brief for Appellee is identical to the text in the hard, paper copies of the brief filed with this Court.

_____/S/_____
Michael Angelotti

## CERTIFICATE OF VIRUS CHECK COMPLINACE COMPLIANCE

This document has been scanned for viruses and is reported by McAfee Version 8.7.0i to be virus free as of the date scanned.

_____/S/_____
Michael Angelotti

# CERTIFICATE OF SERVICE

I, Michael Angelotti, hereby certify that service of one copy of the foregoing Brief
was made upon the persons listed below by CM/ECF:

Via CM/ECF:

Michael I. McDermott, Esq.
Suite 200
1026 Winter Street
Philadelphia, PA 19107
mmcder1188@aol.com
Counsel for Appellant Durant T. Tisdale


Date:  November 21, 2016                          _____/S/_____

                                         By:    Michael Angelotti
                                                Attorney ID No. 89697
                                                Deputy City Solicitor
                                                1515 Arch Street, 17th Floor
                                                Philadelphia, PA  19102-1595
                                                (215) 832-2110
                                                Michael.Angelotti@phila.gov
                                                Attorney for Appellee